UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 7:17-CR-128-2, 3 |
| | § | |
| LUIS ANTONIO RODRIGUEZ, | § | |
| ROGELIO RAMOS, JR., | § | |
| | § | |
| Defendants. | | |

### CHARGE TO THE JURY

**INTRODUCTION TO FINAL INSTRUCTIONS**

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the

defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

**EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial

evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT**

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement. This agreement provides for a recommendation for a favorable sentence. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

**CONFESSION—STATEMENT—VOLUNTARINESS (MULTIPLE DEFENDANTS)**

In determining whether any statement made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

**SUMMARIES AND CHARTS RECEIVED IN EVIDENCE**

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

**SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

**ON OR ABOUT**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

**CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**CAUTION—PUNISHMENT**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**MULTIPLE DEFENDANTS—SINGLE COUNT**

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

**"KNOWINGLY"—TO ACT**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**DUTY TO DELIBERATE—VERDICT FORM**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

SO ORDERED this 25th day of May, 2017, at McAllen, Texas.

_____
Randy Crane
United States District Judge

**Count of the Indictment**

**CONSPIRACY TO COMMIT WIRE FRAUD**
18 U.S.C. §§ 1343, 1349

**Title 18, United States Code, Sections 1343 and 1349**, make it a crime for anyone to conspire with someone else to commit the crime of wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit the crime of wire fraud; and

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

The elements of the crime of wire fraud are: (1) that a person knowingly devised or intended to devise a scheme to defraud; (2) that the scheme to defraud employed false material representations, pretenses, or promises; (3) that the person transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and (4) that the person acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent representations, pretenses, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent representations, pretenses, or promises constitutes a separate offense.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.